## WHITMORE *v.* VILLAGE OF TARRYTOWN.

(*Supreme Court, General Term, Second Department.* December 14, 1891.)

MUNICIPAL CORPORATIONS—LIABILITY OF VILLAGE FOR CHANGE OF GRADE OF STREET.
    A road in a village was cut down, as to part of its width, by the village authorities, leaving a steep embankment in front of the abutting property. This was subsequently partly removed at various times, extending over a space of several years, by the village road commissioner, with the village teams and employes, although no special resolution of the village trustees was ever passed authorizing such removal. *Held* that, since these acts were done openly, the knowledge of the trustees would be presumed, and the village held liable for damages to the abutting property therefrom.

Appeal from special term, Westchester county.

Petition by Rosalia Whitmore for an assessment of damages alleged to have been caused by a change in the grade of a road by the village of Tarrytown. Part of the road—being less than half its width—had been cut down by the village authorities, and thereby a steep embankment had been left in front of petitioner's property. This was dug into and partly removed at various times, extending over a period of several years, by the road commissioner of the village, using the village employes and teams, although there had been no special resolution of the village trustees authorizing such acts. Commissioners were appointed to assess petitioner's damages, and awarded her $1,000. From the order of the special term affirming the report of the commissioners, and from the report itself, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

*George C. Andrews*, for appellant. *Wilson Brown, Jr.*, for respondent.

PRATT, J. The appellant urges that, as no resolution of the village board of trustees is shown directing the acts complained of, the village officers must be held to have acted in their individual capacity, and be liable as for an individual trespass, and that the village cannot be held liable. We find no authority that requires such strictness, and we are not able to see that it is necessary for the protection of villages. In the case at bar the change in the road was made by the village road commissioner and the village teams and employes under his control. The acts were done in the most open manner, and continued through years. The knowledge of the trustees might well be presumed. The court at special term and the commissioner found as a fact that the village authorized the work, and the finding was clearly correct. The estimate of damage is extremely moderate, and the judgment should be affirmed, with costs.